IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM BALLENGER,

           Plaintiff,

v.                                                         CIVIL ACTION NO. 3:15-12558

LARRY CRAWFORD, Administrator,
Western Regional Jail,
JOHN DOE, Shift Supervisor on December 3, 2014,
JOHN DOE, Core Rover on December 3, 2014,
From 8:00 a.m. to 8:00 p.m.,
JOHN DOE, C-Pod Rover on December 3, 2014,
From 8:00 a.m. to 8:00 p.m.,
PRIMECARE MEDICAL, INC.,
JANE DOE and JOHN DOE, Staff of PrimeCare
Medical, Inc., on duty on December 3, 2014,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is a Motion to Dismiss, ECF No. 9, filed by Defendant Larry Crawford, a jail administrator ("Crawford") and a Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by PrimeCare Medical, Inc. ("PrimeCare"), ECF No. 12. Crawford's motion contests the adequacy of Plaintiff William Ballenger's ("Ballenger") claims that Crawford is liable for failing to protect Ballenger from harm at the hands of fellow inmates at the Western Regional Jail ("WRJ"). PrimeCare's motion asserts that it was not deliberately indifferent to an alleged serious medical need after Ballenger was assaulted by other inmates at the Western Regional Jail. This action, brought pro se according to 42 U.S.C. § 1983 and various state common law claims, was referred to a United States Magistrate Judge for proposed findings of fact and recommendation

for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended granting Crawford's Motion to Dismiss in part and denying it in part. The Magistrate Judge also recommended that this Court dismiss Ballenger's claims against PrimeCare and the unnamed PrimeCare employees.

Neither PrimeCare nor Ballenger objected to the Magistrates PF&R. Crawford, however, timely objected to the PF&R. ECF No. 21. For the reasons stated below, the Court SUSTAINS Crawford's objection premised on sovereign immunity and SUSTAINS Crawford's qualified immunity objection.

I. Background

Ballenger's Complaint alleges that on December 3, 2014 he was assaulted by four other inmates and that one of the inmates used the bottom of a push broom in the assault. Compl., ECF No. 2. Ballenger claims that he was struck with the broom in the face and suffered stomps, punches, and kicks to his head. *Id*. As a result, Ballenger claims that he required stiches in his mouth, lost two teeth, and suffers headaches and dizziness. *Id*.

Ballenger alleges that the correctional officer acting as "tower rover" saw the assault and did nothing to stop it. *Id*. Ballenger claims that the tower rover revealed his neglect when he told another correctional officer, Officer Blevins, that he watched while Ballenger was attacked. *Id*. Ballenger was then told by an unnamed WRJ employee that the correctional officers failed to intervene in the attack because "this happens all the time and the jail is understaffed now." *Id*. Following the attack Ballenger filed this lawsuit against the jail administrator, Larry Crawford, a number of unnamed correctional officers that were on duty during the 8:00 a.m. to 8:00 p.m. shift, PrimeCare, and unnamed PrimeCare employees on duty the day of the attack. Ballenger is seeking

money damages for among other things, inmate neglect, physical injury, pain and suffering, post-traumatic stress, mental anguish, and failure to provide safe and secure housing for inmates.

Crawford and PrimeCare filed motions to dismiss. Ballenger filed a response to each motion. His response to Crawford's motion is the only response at issue in this Order. In his response, Ballenger attempts to bolster his claims against Crawford. Particularly, Ballenger alleges that Crawford failed to either hire enough staff or failed to staff inmate areas appropriately and these failures caused the officers that were on duty to refuse to intervene in the attack. The Magistrate treated Ballenger's response as an amended complaint. P. F. & R. 13-15, ECF No. 20. Crawford does not object to this portion of the Magistrate's PF&R and the Court see no reason to disturb the Magistrate's treatment of Ballenger's response.

The Magistrate's PF&R recommends granting PrimeCare's motion. No objections to the Magistrate's PF&R addressing PrimeCare's motion were filed. Accordingly, the Court accepts and incorporates that portion of the PF&R.

Crawford's motion to dismiss advanced several arguments to dismiss Ballenger's claims against him, including sovereign immunity, qualified immunity, and a failure to plead facts sufficient to show that his claims against Crawford are plausible. Mem. of Law in Supp. of Def's. Mot. To Dismiss 5-17, ECF No. 10. The Magistrate's PF&R found: Ballenger's claims against Crawford are in his official capacity only and therefore are barred by the Eleventh Amendment of the United States Constitution; Ballenger's claims that Crawford failed to protect him from harm do not state a facially plausible federal constitutional claim and should be dismissed; Ballenger's allegations that Crawford failed to provide safe housing for inmates and failed to hire or assign the appropriate staff to prevent inmate attacks raise plausible claims of negligence and further factual

development is needed to determine if Crawford is entitled to qualified immunity. P. F. & R. 7-19, ECF No. 20

Crawford objected to the Magistrate's third recommendation finding that Ballenger had sufficiently pled claims of negligence against Crawford and that Crawford's assertion of qualified immunity required further factual development. Objs. to Proposed Findings and Recommendation 1, ECF No. 21. Crawford's objections are premised on the Eleventh Amendment and qualified immunity. *Id.* Crawford contends that the Magistrate found that all of Ballenger's claims were official capacity claims and therefore barred by the Eleventh Amendment. *Id.* at 4. Thus, Ballenger's negligence claims must also be barred by the Eleventh Amendment because they offer no facts concerning Crawford's individual involvement in any of the circumstances pled in the Complaint. *Id.* at 1-4. Crawford, in the alternative, contends that he is entitled to qualified immunity because Ballenger did not plead that Crawford had violated any clearly established right in staffing the prison. *Id.* at 5-6. In so far as Ballenger's negligence claims are premised on Crawford's position as WRJ administrator the Court sustains Crawford's objection. As for claims directed at Crawford in his individual capacity, of which there appears to be a single claim, the Court sustains Crawford's objection based on qualified immunity.

## II. Standard of Review and Legal Standard

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).[1]

---

[1] Courts have not consistently applied Federal Rule of Civil Procedure 12(b)(6) to motions to dismiss on sovereign immunity grounds. *Compare Noel-Batiste v. Va. State Univ.*, No. 2:12cv826, 2013 WL 499342, at *1 (E.D. Va. Feb. 7, 2013) (applying Rule 12(b)(6)) *with Strong v. Swaim-*

-5-

### III. Discussion

For the reasons explained below, the Court grants Crawford's objections to the Magistrate's PF&R and declines to adopt the portion addressing Ballenger's negligence claims. As no objections were lodged to any other part of the PF&R, the Court adopts and incorporates those portions.

#### A. Crawford's Sovereign Immunity Objection

The Magistrate's PF&R recommended that "the presiding District Judge **FIND** that . . . the plaintiff's claims against defendant Crawford are brought against him only in his official capacity." P. F. & R. 8, ECF No. 20 (emphasis in original). Thus, the Magistrate determined, Ballenger's claims should be dismissed because the Eleventh Amendment bars suits against state employees in their official capacity. *Id.*; *see also Quern v. Jordan*, 440 U.S. 332, 337 (1979) (finding the Eleventh Amendment bars suits in federal court for money damages brought against a state or a state official in his or her official capacity).

Notwithstanding, the PF&R later recommends that the Court find that Ballenger sufficiently alleged claims of a negligent failure to provide safe housing for inmates and negligent hiring and staffing, and as pled the claims should survive Crawford's Motion to Dismiss. P. F. & R. 16-18, ECF No. 20. The PF&R, however, does not explicitly find that these claims were brought against Crawford in his individual capacity. *Id.*

---

*Stanley*, No. 12-cv-1924, 2012 WL 4058054, at *2 (D. Md. Sept. 13, 2012) (applying rule 12(b)(1)). In many cases courts have applied Rule 12(b)(1) (lack of subject matter jurisdiction) to claims of sovereign immunity. *See, e.g.*, *id.* "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Fleming v. Va. State Univ.*, No. 3:15cv268, 2016 WL 927186, at *1 fn. 4 (E.D. Va. Mar. 4, 2016) (quoting *Haley v. Va. Dep't of Health*, No. 4:12cv16, 2012 WL 5494306, at *1-2 (W.D. Va. Nov. 13, 2012)). Nonetheless, there is no practical different to the application of either rule. *Id.* Both rules test whether a plaintiff's complaint, assuming all factual allegations as true, is sufficient to proceed.

> [A] plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983 . . . when a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought[,] and the course of proceedings to determine where that state official is being sued in a personal capacity. [T]he underlying inquiry remains whether the Plaintiff's intention to hold a defendant personally liable can be ascertained fairly.

*Biggs v. Meadows*, 66 F.3d 56, 60-61 (4th Cir. 1995).

Ballenger's first negligence claim that Crawford failed to provide safe housing for inmates at the WRJ lacks any mention of Crawford. Indeed, there is nothing in the Complaint that would lead the Court to determine that Ballenger brought this claim against Crawford in his individual capacity. It alleges no specific acts taken or forwent by Crawford. Rather, the claim appears to be completely premised on Crawford's role and attendant duties as the administrator of the WRJ—in other words, in his official capacity. Accordingly, the Court SUSTAINS Crawford's objection to the Magistrate's PF&R concerning Ballenger's claim of negligent failure to provide safe housing.

### B. Crawford's Qualified Immunity Objection

Ballenger's claim of failure to properly staff the WRJ, however, appears to be directed at Crawford in his individual capacity. This claim was raised in Ballenger's response to Crawford's Motion to Dismiss. As an initial matter, the PF&R treated Ballenger's response to Crawford's Motion to Dismiss as an amended complaint. Crawford did not object to that portion of the PF&R and the Court will treat Ballenger's response as an amended complaint for the purposes of this Order.

Ballenger's response, rather than addressing the various immunity arguments raised by Crawford, attempts to bolster his factual claims against Crawford. Despite his more detailed pleading, Ballenger alleges only one claim that can possibly be construed to level an allegation against Crawford in his individual capacity. Ballenger alleges that Crawford failed to staff the

WRJ appropriately and that this led the officers that were on duty to refrain from intervening in the attack on Ballenger. The PF&R recommends that this claim survive Crawford's Motion to Dismiss because it raises a plausible allegation of negligent conduct by Crawford and Crawford's assertion of qualified immunity needs further factual development before it can be decided. P. F. & R. 18, ECF No. 20. Crawford objects to this portion of the PF&R, arguing that he is entitled to qualified immunity. Objs. to Proposed Findings and Recommendation 5, ECF No. 21

West Virginia, or its agencies, officials, or employees, is entitled to qualified immunity where the allegedly injurious conduct constitutes a discretionary governmental function and the conduct does not violate a clearly established statutory or constitutional right. *West Virginia Reg'l Jail and Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 766-67 (W. Va. 2014). If the conduct of the state official does violate a clearly established right, the official is not entitled to immunity where his or her conduct exceeds the scope of his or her employment. *Id.* at 767.

The West Virginia Supreme Court of Appeals has held on two recent occasions that employee training, staffing, hiring, supervision, and retention are discretionary functions, which if done without violating a clearly established right, confer immunity on the official making those decisions. *See A.B.*, 766 S.E.2d at 773; *R.Q. v. West Virginia Div. of Corr.*, No. 13-1223, 2015 WL 1741635, at *4 (W. Va. Apr. 10, 2015). In both *West Virginia Regional Jail and Correctional Facility Authority v. A.B.*, and *R.Q. v. West Virginia Division of Corrections* plaintiffs brought claims of negligent hiring, retention, supervision, staffing, and training against the Division of Corrections in *R.Q.* and the West Virginia Regional Jail and Correctional Facility Authority in *A.B. See A.B.*, 766 S.E.2d at 758; *R.Q.*, 2015 WL 1741635, at *1. The plaintiffs in each case claimed that the defendants' conduct failed to provide a reasonably safe facility for the plaintiffs. *Id.* In each case the Supreme Court of Appeals held that hiring, supervision, retention, and staffing

are discretionary functions and unless the plaintiffs could point to a clearly established right that had been violated by the state agencies, the agencies and its officials were immune from suit. *A.B.*, 766 S.E.2d at 772-775; *R.Q.*, 2015 WL 1741635, at *4.

Crawford is an employee of the West Virginia Regional Jail and Correctional Facility Authority, a state agency. *Porter v. W. Va. Reg'l Jail & Corr. Auth.*, No. 3:14-26583, 2015 WL 5698514 at *2 (S.D. W. Va. Sept. 28, 2015). Ballenger's Complaint as amended by his response to Crawford's Motion to Dismiss charges Crawford with a failure to properly staff the WRJ and it does not point to a clearly established right that was violated by Crawford's staffing decisions.[2] Accordingly, in light of the Supreme Court of Appeals' decisions concerning the discretionary nature of hiring, firing, supervision, staffing, and training and Ballenger's failure to point to a clearly established right that was violated by Crawford's staffing and supervision decisions, Crawford's objection based on qualified immunity is SUSTAINED.

### IV. Conclusion

For the foregoing reasons the Court **SUSTAINS** Crawford's objections and **DECLINES** to accept and incorporate the portion of the Magistrate's PF&R addressing Ballenger's negligence claims. The Court **ACCEPTS** and **INCORPORATES** all other portions of the Magistrate's PF&R, to which no objections were lodged, including specifically the Magistrate's request for this

---

[2]

> To prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a "particularized showing" that a "reasonable official would understand that what he is doing violated that right" or that "in the light of preexisting law the unlawfulness" of the action was "apparent."

*A.B.*, 766 S.E.2d at 776 (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

Court to remand the case for discovery concerning the remaining John Doe and Jane Doe correctional officer Defendants.

Crawford's Motion to Dismiss is **GRANTED**. PrimeCare's Motion to Dismiss is also **GRANTED**. Defendants Larry Crawford, PrimeCare, and Jane Doe and John Doe staff of PrimeCare Inc. are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 30, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE