# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON

**WILLIAM BALLENGER,**

      **Plaintiff,**

v.                                             **Case No. 3:15-cv-12558**

**JOHN DOE, *et al.*,**

      **Defendants.**

## ORDER AND NOTICE

This matter is referred to the undersigned United States Magistrate Judge for proceedings concerning the plaintiff's claims against four John or Jane Doe correctional officers who remain unidentified. Pending before the court are a Letter-Form Motion to Hold Certain Individuals in Contempt of Order (ECF No. 36) and a Letter-Form Motion to Compel Release of Discovery Information and for Appointment of Counsel (ECF No. 37). The undersigned conducted a hearing on these motions on January 29, 2018. The pro se plaintiff, William Ballenger, participated in the hearing by video conference from the Mount Olive Correctional Complex. Dwayne E. Cyrus, of Shuman McCuskey & Slicer appeared specially on behalf of the West Virginia Regional Jail Authority, a non-party.

Turning first to the plaintiff's Letter-Form Motion to Compel (ECF No. 37-2), the court inquired of the plaintiff as to what documents he had been provided in response to a subpoena served on the Western Regional Jail. The plaintiff stated that he had been provided duty logs and assignment sheets for the Western Regional Jail for December 3,

2014, but those documents did not match with respect to the correctional officers who were on duty and those scheduled for particular staffing assignments.

The plaintiff further stated that the logs provided did not contain the first names of any of the correctional officers, which has impeded his ability to appropriately name any additional defendants, and that there is no reference to his alleged assault in the logs. The plaintiff further indicated that a review of the DVD that was initially provided to him did not assist in identifying any particular correctional officers that he would seek to name as defendants herein. Thus, he filed his Letter-Form Motion to Compel, which seeks the "full names, badge numbers and all staffing assignments for each and all supervisors, shift supervisors, core rovers, pod rovers, and medical unit and pod tower officers/rovers who were on duty between 7:00 a.m. and 7:00 p.m. on December 3, 2014" and "all incident/violation reports pertaining to the assault on December 3, 2014."

Upon questioning by the court, Mr. Cyrus indicated that there were eleven incident reports completed with respect to the alleged assault of the plaintiff. Because these incident reports appear to be relevant and discoverable documents that may assist the plaintiff in identifying the John or Jane Doe correctional officers named in his Complaint, it is hereby **ORDERED** that the plaintiff's Letter-Form Motion to Compel (ECF No. 37-2) is **GRANTED** to the extent that, **by February 9, 2018**, the West Virginia Regional Jail Authority is directed to produce to the plaintiff the incident reports concerning the assault addressed in the plaintiff's Complaint, as well as another copy of the DVD of the video surveillance from December 3, 2014 that was previously produced pursuant to the subpoena, but was subsequently removed from the plaintiff's possession. It is further **ORDERED** that the plaintiff's Letter-Form Motion to Compel (ECF No. 37-2) is otherwise **DENIED**.

It is further **ORDERED** that the responsive documents and DVD shall be produced pursuant to a protective order limiting their use and dissemination in accordance with the court's standard protective order. The parties are directed to execute and file the form agreed protective order available on the court's website.

It is further **ORDERED** that, by **February 23, 2017**, the plaintiff shall file an Amended Complaint specifically identifying the John or Jane Doe defendants and describing specific facts giving rise to his claim that such defendants failed to intervene to protect him from harm during the assault that is the subject of his Complaint. The plaintiff is **NOTIFIED** that the failure to file such Amended Complaint will result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to state a claim upon which relief can be granted against the John or Jane Doe defendants.

During the hearing, the plaintiff agreed to withdraw his Motion to Hold Certain Individuals in Contempt of Order (ECF No. 36). Accordingly, it is hereby **ORDERED** that the Motion to Hold Certain Individuals in Contempt of Order (ECF No. 36) is **DENIED AS MOOT**. However, the undersigned believes it is necessary to direct that, upon receipt of the DVD ordered herein, officials at the Mount Olive Correctional Complex are directed to permit the plaintiff to again review the DVD and to take notes regarding the same, and then it is **ORDERED** that the DVD be placed with the plaintiff's personal items in the state shop or maintained in some other fashion at the prison so that it may be made available to the plaintiff for further review and use as necessary during the course of this litigation and any potential appeal therefrom. Furthermore, the DVD should be made available for the plaintiff to review with potential counsel for legal representation in this matter.

Finally, turning to the plaintiff's Motion for Appointment of Counsel made in ECF No. 37, as the plaintiff has previously been informed, there is no constitutional right to counsel in a civil case such as this, and the court cannot require an attorney to represent the plaintiff. Section 1915(e)(1) of Title 28 provides in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." Thus, appointment of counsel rests within the discretion of the court and denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)). To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

Based upon the proceedings to date, the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court seeking counsel to represent the plaintiff. Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for Appointment of Counsel (ECF No. 37-1) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to docket this Order and to mail a copy of the same to the plaintiff and the Warden of the Mount Olive Correctional Complex, and to transmit a copy to Dwayne E. Cyrus, counsel for the West Virginia Regional Jail Authority.

ENTER: January 30, 2018

Dwane L. Tinsley
United States Magistrate Judge