# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON

**WILLIAM J. BALLENGER,**

      **Plaintiff,**

**v.**                                                    **Case No. 3:15-cv-12558**

**WESTERN REGIONAL JAIL*, et al.*,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On April 20, 2018, the plaintiff filed, with leave of court, an Amended Complaint (ECF No. 54) on which this matter is now proceeding. The Amended Complaint named the Western Regional Jail, and six individual employees thereof, as defendants. By separate Order, the undersigned has ordered service of process on the individual defendants in their individual capacities. However, because the Western Regional Jail ("WRJ"), and the other defendants in their official capacities, are not persons under section 1983 and are not subject to monetary damages in federal court, the undersigned is filing this Proposed Findings and Recommendation recommending that the presiding District Judge dismiss the claims against the Western Regional Jail, and the other defendants in their official capacities, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The WRJ is not a suable entity. Rather it is just a facility operated by the West Virginia Regional Jail & Correctional Facility Authority ("WVRJCFA"), a state agency. However, even if the court were to liberally construe the plaintiff's claims against the WRJ to be brought against the WVRJCFA, the claims may still not proceed in this court.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

In the instant matter, the plaintiff seeks only monetary damages from the WRJ (or the WVRJCFA) and the other defendants for alleged negligence, gross negligence, deliberate indifference to his safety, and retaliation by WRJ employees.[1] The undersigned proposes that the presiding District Judge **FIND** that the WRJ (or the WVRJCFA) is not a proper party that can be sued under 42 U.S.C. § 1983 and is further immune from liability for monetary damages under the Eleventh Amendment. Likewise, the other defendants, in their official capacities as correctional officers employed by the WVRJCFA, are also not persons under section 1983 and are also immune from suit for monetary damages.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the claims against the WRJ (or WVRJCFA), and the other defendants in their official capacities, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dicatates of *Twombly* and *Iqbal*.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

---

[1] The Amended Complaint does not seek any specific injunctive relief. Nevertheless, even if the plaintiff were seeking such relief, such claims would be moot in light of the fact that he has been released from the WRJ, and is presently in the custody of the West Virginia Division of Corrections, a different state agency, at the Mount Olive Correctional Complex. *See Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)) ("the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment."); *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 14, 2018

Dwane L. Tinsley
United States Magistrate Judge