UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**WILLIAM BALLENGER,**

      **Plaintiff,**

v.                                                              **Case No. 3:15-cv-12558**

**LT. MATT HILL, Shift Supervisor,**
**CORP. JOHN HOWELL, Shift Supervisor,**
**FRANKLIN KELLY, C-Pod Tower Officer,**
**CORP. WILLIAM R. MORRISON,**
**SARAH WATTERSON, Core Rover, and**
**DESIREE SIBERA, Core Rover.**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Motion to Dismiss filed by defendants Hill, Sibera, Kelly, Watterson, and Morrison. (ECF Nos. 75, 78, 81, and 88).[1]

## RELEVANT PROCEDURAL HISTORY

This matter is proceeding only on the claims contained in the Amended Complaint (ECF No. 54) against the above-referenced individual defendants in their individual capacities. Specifically, the Amended Complaint alleges that these defendants were grossly negligent when they failed to intervene to protect the plaintiff from an assault by

---

[1] Defendant John Howell was never successfully served with process and has not made an appearance herein. Nonetheless, as addressed herein, the claim(s) against defendant Howell must be dismissed for failure to exhaust administrative remedies.

four other inmates at the Western Regional Jail ("WRJ") on or about December 3, 2014. (ECF No. 54 at 3-5).[2] The Amended Complaint further alleges that defendant Morrison retaliated against the plaintiff by falsely writing him up for threatening an officer and creating a disturbance, and placing him in four-point restraints, two-officer minimum security, and administrative segregation where he allegedly had limited or no access to his legal work, which he claims was lost or destroyed, and communication with family and friends. The plaintiff alleges that the defendants' conduct violated his rights under the Eighth and Fourteenth Amendments, causing him injuries for which he seeks monetary damages.

Following service of the Amended Complaint, defendants Hill, Kelly, Morrison, Watterson, and Sibera each filed a Motion to Dismiss. Among other affirmative defenses, the Motions to Dismiss each assert that the plaintiff failed to exhaust the available administrative remedies prior to filing his initial Complaint. In support of their motion, defendants Hill and Sibera provided a copy of the West Virginia Regional Jail and Correctional Facility Authority's ("WVRJCFA") Policy and Procedure Statement 14003, effective July 22, 2014, concerning the Inmate Grievance Procedure (ECF No. 75, Attach. 1, Ex. A), as well as an Affidavit of Captain Carl Aldridge addressing the grievances filed by the plaintiff between December 1, 2014 and May 31, 2015 (ECF No. 75, Attach. 1, Ex. B). The motion documents of the other defendants adopt these exhibits by reference.

The grievances provided with Captain Aldridge's affidavit, which were filed electronically on the WRJ's kiosk system, do not in any way concern the alleged assault

---

[2] Although named in the style and introductory paragraphs of the Amended Complaint, there are no specific factual allegations concerning the conduct of defendants Matt Hill, John Howell, or Desiree Sibera. Nonetheless, the undersigned presumes that those defendants were among the officers who responded to the unit at the time of the alleged assault, but allegedly failed to intervene therein.

on December 3, 2014, or the conduct of these defendants, either in failing to intervene in the assault, or for the alleged retaliatory conduct by defendant Morrison thereafter. (ECF No. 75, Attach.1, Ex. B, Attach. 1).

On July 20, 2018, the plaintiff filed a Motion for Extension of Time to File Response to the pending Motions to Dismiss (ECF No. 85) and a Motion for a Hearing thereon (ECF No. 86). The undersigned granted the Motion for Hearing, and a hearing was conducted on August 7, 2018.

During the hearing, the plaintiff represented that he filed four paper grievances on three-ply, carbon copy grievance forms used at that time by the WVRJCFA, and that he retained the pink carbon copy of each grievance, to which he allegedly received no response. The plaintiff further stated that he sent his retained copies of those grievances to his family, and that he was awaiting return of the same to him by overnight or first class mail. Thus, the undersigned continued the hearing to August 21, 2018, and directed the plaintiff to file copies of those grievances by August 17, 2018, and to serve copies thereof on defense counsel. (ECF No. 94).

On August 15, 2018, the Clerk's Office received and docketed the plaintiff's mailing containing two grievance forms. (ECF No. 96). The hearing was reconvened on August 21, 2018. During the hearing, the plaintiff acknowledged that he only filed the two grievance documents contained in ECF No. 96, and that he was still awaiting receipt of additional grievance documents that were allegedly mailed to him by his family, which had not been received at MOCC, despite having more than 10 days to receive and produce the same. The plaintiff could not verify whether these alleged additional grievances concerned the claims in his Amended Complaint. Furthermore, it was determined that the second grievance document contained in ECF No. 96, which is difficult to read, did

not concern any of the claims alleged in the Amended Complaint. (ECF No. 96 at 2).

Turning to the first page of the plaintiff's submission in ECF No. 96, the plaintiff indicated that this grievance document was submitted on March 26, 2015. Although this grievance form appears to address the December 3, 2014 inmate assault and his contention that "no one came to [his] aid," there is no demonstration that this grievance form was accepted by jail staff or responded to in any way and, accordingly, there is no demonstration that the grievance process was properly exhausted concerning this form. Defense counsel represented that, during the month of December of 2014, and beyond, the plaintiff was consistently using the kiosk system to file electronic grievances and inquiries, and that the WVRJVFA has no record of these alleged paper grievances ever being filed.

As further addressed below, because it is apparent from the record now before the court, that the plaintiff did not exhaust the grievance procedures concerning the remaining claims in the Amended Complaint, and because the plaintiff has not demonstrated that such remedies were actually unavailable to him, the undersigned has determined that no written response from the plaintiff is necessary, and that the Amended Complaint must be dismissed for failure to exhaust administrative remedies.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The defendants have asserted that the plaintiff failed to properly exhaust his administrative remedies prior to filing his Complaint. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), was enacted "to address concerns about the 'ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary.'" *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (quoting *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005)). "The PLRA imposes some rather substantial limitations on a prisoner's ability to initiate a civil action." *Id.* One such limitation is the requirement that prisoners exhaust administrative remedies within the prison before filing a civil action." *Id.*

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. *Id.* at 741. In *Booth*, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.*

6

"Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et al.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)).

Like the PLRA, the West Virginia Prison Litigation Reform Act ("WVPLRA") "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Under the WVPLRA, "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c). The WVPLRA defines an ordinary administrative remedy as "a formal administrative process by which an inmate submits a grievance seeking redress or presenting concerns regarding any general or particular aspect of prison life . . . . An ordinary administrative remedy includes, but is not limited to, . . . staff treatment or some other alleged wrong." *Id.* § 25-1A-2(a). Under the WVPLRA,

> An ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director of the Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d).

While "failure to exhaust available administrative remedies is an affirmative defense," it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a plaintiff fails to exhaust his or her administrative remedies under the PLRA or WVPLRA, then the defendant is entitled to judgment as a matter of law. *See Legg*, No. 2:16-cv-01371, 2017 WL 72604, at *2. Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *3 (S.D. W. Va. 2017) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)).

In *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), the Supreme Court held that "the exhaustion requirement hinges on the 'availability' of the administrative remedies. An inmate . . . need not exhaust unavailable remedies." *Id.* The Court further defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" (*Id.* at 1859, citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). However, the plaintiff herein has not adequately demonstrated that the administrative remedy process was unavailable to him.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendants have established that the plaintiff failed to properly and fully exhaust the available administrative remedies concerning all of the remaining claims against the defendants, and that the Amended Complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2.[3]

---

[3] In light of the proposed finding concerning the threshold issue of failure to exhaust administrative remedies, the undersigned finds it unnecessary to address the defendants' other arguments concerning the statute of limitations, qualified immunity, or failure to state a plausible claim for relief.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** all of the defendants' Motions to Dismiss (ECF Nos. 75, 78, 81, and 88) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

August 21, 2018

Dwane L. Tinsley
United States Magistrate Judge