UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

WILLIAM BALLENGER,

    Plaintiff,

v.                                                                                       Civil Action No. 3:15-cv-12558

LT. MATT HILL, Shift Supervisor;
CORP. JOHN HOWELL, Shift Supervisor;
FRANKLIN KELLY, C-Pod Tower Officer;
CORP. WILLIAM R. MORRISON, Core Rover;
SARAH WATTERSON, Core Rover; and
DESIREE SIBERA, Core Rover,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The complaint in this action was initiated by Plaintiff, William Ballenger, against the above-referenced Defendants in their individual capacities, and asserts claims of gross negligence, retaliation, and Eighth and Fourteenth Amendment violations. *Am. Compl.*, ECF No. 54 at ¶¶ 16–21.

Plaintiff alleges the following facts in his complaint. Plaintiff, an inmate who was incarcerated at Western Regional Jail, was viciously beaten by four other inmates on December 3, 2014. *See Am. Compl.*, at ¶ 15. The beating caused Plaintiff various injuries, including a lost tooth, a laceration requiring stitches, and migraine headaches. *See id.* at ¶¶ 5, 15. Plaintiff later learned that Defendants watched the beating occur but did nothing. *See id.* at ¶ 16. Additionally, Defendants failed to follow protocol in assisting Plaintiff, and retaliated against him in various ways, including placing him in four-point restraints, falsely claiming he committed inmate violations, and denying him access to papers and pens. *See id.* at ¶¶ 18–20. Plaintiff then filed

this action claiming that Defendants were grossly negligent, retaliated against Plaintiff, and violated his Eighth and Fourteenth Amendment rights. *See id.* at ¶¶ 16–21.

Pursuant to a standing order issued under 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Cheryl A. Eifert—and later to Magistrate Judge Dwane L. Tinsley—for proposed findings of fact and recommendation for disposition. *Standing Order*, ECF No. 3; *Transfer Order*, ECF No. 14. Subsequently, Defendants Hill, Sibera, Kelly, Watterson, and Morrison each filed a Motion to Dismiss,[1] and the Magistrate Judge submitted proposed findings and recommended that this Court grant all Defendants' motions. *Proposed Findings and Recommendation*, ECF No. 99. Plaintiff now objects to the findings and recommendation. *Objections to Proposed Findings and Recommendations*, ECF No. 102 [hereinafter *Objections*]. For the reasons below, the Court denies Plaintiff's objections, grants all Defendants' Motions to Dismiss, and dismisses this matter from the Court's docket.

I. **Standard of Review**

This Court must "make a *de novo* determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see e.g.*, *Berry v. Colvin*, No. 14-9859, 2015 WL 1506128, at *1 (S.D. W. Va. Mar. 31, 2015). Nonetheless, Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim … showing entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal

---

[1] ECF Nos. 75, 78, 81, & 88.

quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

Accepting the factual allegations in the complaint as true—even when doubtful—the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotations and citations omitted). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). A court must also "draw[ ] all reasonable factual inferences from those facts [alleged] in the plaintiff's favor …." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (internal quotations omitted) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal citations omitted)).

Finally, when considering a motion to dismiss under 12(b)(6) a court generally cannot accept materials regarding matters outside of the pleadings. If, when ruling on a motion to dismiss under 12(b)(6), matters outside the pleadings are "*not excluded* by the court, the motion shall be treated as one for *summary judgment* and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp*., 109 F.3d 993, 995 (4th Cir. 1997) (citing Fed. R. Civ. P. 12(d)) (emphasis added). To obtain summary judgment, the moving

party must show that no genuine issue as to any material fact remains and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, a court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Any inference, however, "must fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citation omitted).

Although a court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. "Mere speculation by the non-movant cannot create a genuine issue of material fact" to avoid summary judgment. *JKC Holding*, 264 F.3d at 465.

## II. Discussion

The Magistrate Judge recommends that this Court grant Defendants' Motions to Dismiss because Plaintiff failed to properly "exhaust" his administrative remedies prior to filing his complaint. *See Proposed Findings and Recommendation*, at 6. The Court agrees.

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") was enacted "to address concerns about the 'ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary.'" *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (quoting *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005)). "The PLRA imposes some rather substantial limitations on a prisoner's ability to initiate a civil action." *Id.* One such limitation requires that prisoners exhaust administrative remedies within the prison before filing a civil action." *Id.* The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title … by a prisoner confined in any … correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. *Id.* at 741. In *Booth*, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.* "Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et al.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91

(2006)). Like the PLRA, the West Virginia Prison Litigation Reform Act ("WVPLRA") "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Under the WVPLRA, "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c). The WVPLRA defines an ordinary administrative remedy as "a formal administrative process by which an inmate submits a grievance seeking redress or presenting concerns regarding any general or particular aspect of prison life … An ordinary administrative remedy includes, but is not limited to … staff treatment or some other alleged wrong." *Id.* § 25-1A-2(a). Under the WVPLRA,

> An ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director of the Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d).

While "failure to exhaust available administrative remedies is an affirmative defense," it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). If a plaintiff fails to exhaust his or her administrative remedies under the PLRA or WVPLRA, then the defendant is entitled to judgment as a matter of law. *See Legg*, No. 2:16-cv-01371, 2017 WL 72604, at *2. Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-

10648, 2017 WL 4004579, at *3 (S.D. W. Va. 2017) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)).

To reach the conclusion that Plaintiff failed to properly exhaust his administrative remedies the Magistrate Judge relied on an "[a]ffidavit of Captain Carl Aldridge addressing the grievances filed by the plaintiff between December 2, 2014 and May 31, 2015 (ECF No. 75, Attach. 1, Ex B)."[2] *Proposed Findings and Recommendation*, at 2. The Magistrate Judge properly found that because the grievances provided with Aldridge's affidavit "do not in any way concern the alleged assault on December 3, 2014, or the conduct of these defendants," Plaintiff did not even file a grievance for incident at issue, let alone exhaust his administrative remedies. *See id.* at 2–3. Plaintiff objects to this finding and argues that he did in fact exhaust his remedies. *See Objections*, at 2. However, the only support for Plaintiff's argument that he actually exhausted his administrative remedies is a grievance contained in ECF No. 96, which was discussed during a hearing for the Motions to Dismiss on August 21, 2018. *Id.* at 3. Nonetheless, as the Magistrate Judge stated, "although this grievance form appears to address the December 3, 2014" incident, there is "no demonstration that this grievance form was *accepted* by jail staff or responded to in any way and, accordingly, there is no demonstration that the grievance process was properly *exhausted* concerning this form." *Id.* at 4 (emphasis added). Thus, Plaintiff's argument that he exhausted is administrative remedies is rejected.

Next, Plaintiff argues that he is "not responsible for making sure grievances are filed and followed up on" and "[t]he Western Regional Jail staff intentionally and deliberately discarded"

---

[2] The Court notes that although Motions to Dismiss were filed, Magistrate Judge Tinsley clearly "accept[ed] materials regarding matters outside of the pleadings" in this case, and therefore the motions "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Additionally, the Court finds, based on the record—such as the fact that the Magistrate Judge continued the motions hearing in order for Plaintiff to obtain crucial evidence—both parties were given a reasonable opportunity to present all materials, as required under the summary judgment standard.

7

grievances that were filed. *Objections*, at 2. Therefore, Plaintiff is essentially arguing that the administrative remedies were not in fact "available" to him. The Court finds Plaintiff did not present any evidence to the Magistrate Judge to support this conclusion.

In *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), the Supreme Court held that "the exhaustion requirement hinges on the 'availability' of the administrative remedies. An inmate … need not exhaust unavailable remedies." The Supreme Court further defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Although Plaintiff has provided evidence to *this* Court to demonstrate that administrative remedies were unavailable to him, Plaintiff's evidence will not be considered. Plaintiff has attached to his objections three affidavits from three separate inmates which provide support for the position that Western Regional Jail has a practice of rejecting, deleting, and throwing away grievances, thus making the administrative grievance process "unavailable." *See Objections*, at 11, 13–14, 16. However, these affidavits were never presented to the Magistrate Judge, despite the fact that Plaintiff was on notice that evidence was being evaluated by the Magistrate Judge in order to decide the outcome of Defendants' affirmative defense of failure to exhaust.[3] Importantly, "refusal to permit the production of new evidence following a magistrate judge's recommendation regarding a dispositive motion" is within this Court's discretion. *Doe v. Chao*, 306 F.3d 170, 183 (4th Cir. 2002) (citing *United States v. Howell*, 231 F.3d 615, 622–23 (9th Cir. 2000)). Thus, because Plaintiff did not provide any evidence to the Magistrate Judge that the jail's administrative remedies were unavailable—despite the fact that he was given multiple

---

[3] Plaintiff was almost certainly aware that these affidavits would have been useful for the Magistrate Judge given that Plaintiff obtained the sworn statements on July 13, 2018—a week before Plaintiff filed a Motion for Extension of Time to File Response to the pending Motions to Dismiss and a Motion for a Hearing thereon. *Objections*, at 11, 13, 16; ECF Nos. 85 & 86. Additionally, Plaintiff had an opportunity to present these affidavits at two separate hearings. ECF No. 94.

weeks to do so—the Court refuses to consider the affidavits and finds that Defendants are entitled to judgment as a matter of law.

## III. Conclusion

Accordingly, for the foregoing reasons, the Court **ADOPTS** the Proposed Findings and Recommendations of Magistrate Judge Tinsley, **GRANTS** all Defendants' Motions to Dismiss (ECF Nos. 75, 78, 81, & 88), and **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

        ENTER:      September 27, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE